IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE HELEN BLACK,           )
                                 )
        Plaintiff,                )
                                 )
    -vs-                          )    Civil Action No. 14-419
                                 )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                 )
        Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 16 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

### I.      BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since May 11, 2010. (ECF No. 13-6, pp. 2, 6). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on October 5, 2012. (ECF No. 13-3, pp. 2-58). On October 17, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 13-2, pp. 17-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.  Severe Impairment of Depression and Anxiety**

Plaintiff first argues that the ALJ erred in finding her mental impairments of depression and anxiety were not "severe" impairments. (ECF No. 9, pp. 10-12; ECF No. 17, pp. 1-2). Based on the same, Plaintiff argues that remand is warranted. (ECF No. 9).

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. 20 C.F.R. §§416.920(c), 404.1520(c). Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §§416.924(c); 404.1520(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §§416.920(a); 404.1520(a).

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v.*

3

*Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ did not find Plaintiff's mental impairments to be severe at step 2. He did, however, find her to have the following severe impairments: hypertension, hepatitis C, chronic obstructive pulmonary disease, chronic sinusitis, cervical and lumbar degenerative disc disease, and obesity. (ECF No. 13-2, p. 19). Therefore, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 13-2, pp. 23-32).

Furthermore, after a review of the record, I find there is substantial evidence of record to support the ALJ's finding that Plaintiff's mental impairments were not severe. (ECF No. 13-2 pp. 19-22). Therefore, the ALJ did not err in this regard.

### C. Opinions of Treating and Examining Physicians

Plaintiff argues that the ALJ erred in failing to give "greater weight" to her treating physicians, Drs. Wingrove and Rabinovitz, and by improperly discounting the opinion of consultative examiner, Dr. Dougherty.[1] (ECF No. 9, pp. 12-14; No. 17, pp. 2-4). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical

---

[1] Additionally, Plaintiff states that the Appeals Council ignored the opinion of Dr. Gent. (ECF No. 9, p. 14). I disagree. The opinion of Dr. Gent, dated February 27, 2013, was never submitted to the ALJ. Rather, it was submitted to the Appeals Council in the first instance. The Appeals Council specifically stated that it "looked at the medical source statement from Joseph Gent, M.D., dated February 27, 2013. The Administrative Law Judge decided your case through October 17, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 17, 2012." (ECF No. 13-2, p. 3). Thus, contrary to Plaintiff's assertion, the Appeals Council did not ignore the opinion of Dr. Gent, but rather acknowledged it and declined to consider it for a specified reason. *Id.* Therefore, I find no merit to Plaintiff's statement that the Appeals Council ignored the opinion of Dr. Gent.

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, with regard to Drs. Wingrove and Rabinovitz, Plaintiff specifically argues that the ALJ improperly disregarded their opinions that Plaintiff was disabled due to her mental and physical impairments from March 7, 2011 through July 31, 2012. (ECF No. 9, pp. 12-14; No. 17, p. 2). A treating physician's assertion that a plaintiff is "disabled" or "unable to work," however, is not dispositive of the issue. 20 C.F.R. §§ 404.1527, 416.927. Such ultimate questions of disability are reserved solely for the ALJ. *Id.* Thus, the ALJ was not required to give such opinions of Drs. Wingrove and Rabinovitz greater weight.

5

With regard to Dr. Dougherty, Plaintiff recognizes that she was a consultative examiner. (ECF No. 9, p. 13). Thus, Dr. Dougherty was not a treating physician. Therefore, the ALJ was not required to afford Dr. Dougherty's opinion the deference afforded to treating physicians.

Furthermore, I find the reasons given by the ALJ in weighing the opinions of Drs. Wingrove, Rabinovitz and Dougherty to be appropriate, sufficiently explained and supported by sufficient evidence of record. (ECF No. 13-2, pp. 17-32); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### D. Residual Functional Capacity ("RFC") [2]

Plaintiff next argues that the ALJ improperly determined Plaintiff's RFC. (ECF No. 9, pp. 14-17; No. 17, p. 4). In support thereof, however, Plaintiff's entire argument is that there is substantial evidence to support that she is not able to physically or mentally do the work set forth in the ALJ's RFC finding. *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is entirely misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's RFC determination.[3] (ECF No. 13-2, pp. 17-32). Consequently, remand is not warranted on this basis.

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions: "[S]he can stand and/or walk for six hours in an eight hour workday and sit for six hours in an eight-hour workday with normal breaks; she must avoid climbing ladders, ropes or scaffolds; she can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; she must avoid concentrated exposure to extreme cold and extreme heat; she must avoid even moderate exposure to irritants such as fumes, odors, dust and gases, and even moderate workplace hazards such as unprotected heights and unprotected machinery." (ECF No. 13-2, p. 23).

### E. Vocational Expert

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 9, pp. 17-18). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 13-2, pp. 17-32). Consequently, I find no error in this regard.

### F. Post Decision Evidence

Plaintiff's final argument is that the ALJ "should be reversed based on subsequent evidence provided to the Appeals Council which proves that Plaintiff is disabled." (ECF No. 9, p. 18). As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984).

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted, for the first time, a Physical Capacity Evaluation completed by her primary care physician, Dr. Joseph Gent, dated February 27, 2013. (ECF No. 9, p. 18). The decision was dated October 17, 2012. (ECF No. 13-2, p. 29). Plaintiff summarily concluded that this post decision evidence "clearly supports the conclusion that Plaintiff is disabled," is new and material and that good cause exists as to why she did not submit it prior to the decision. (ECF No. 9, pp. 18-21).

Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added). In her brief, Plaintiff acknowledges that the evidence is merely indicative of her condition during the relevant time (prior to October 17, 2012, the date of the ALJ's opinion) but was crafted in February of 2013. *Id.* at p. 20. While I acknowledge that Dr. Gent's evaluation may not have existed at the time of the decision of the ALJ, based on Plaintiff's statement, it was available to her at that time. (ECF No. 9, p. 20). Thus, the evidence was not new. *Sullivan,* 496 U.S. at 626.

Additionally, the only reason given by Plaintiff as to why she did not submit the evidence before the ALJ's determination was that "the report of Dr. Gent only became available subsequent to the decision of the ALJ and did not exist at the time of his decision." (ECF No. 9,

8

p. 19). Again, this reason fails since the information was available to her at the time of the decision, all she had to do was secure it from her primary care physician, Dr. Gent. *Sullivan,* 496 U.S. at 626 (new evidence is that which did not exist or was not available to the claimant at the time). Thus, Plaintiff has failed to show good cause for not submitting the evidence to the ALJ.

Therefore, remand under Sentence Six is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE HELEN BLACK, )
                                              )
     Plaintiff, )
                                              )
  -vs- )                    Civil Action No. 14-419
                                            )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
                                              )
     Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 19th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge